**In re John Robert SHREWDER and Trudy Reitz Shrewder, d/b/a S & S Sales & Engineering Co., Debtors.**

**Robert N. HILGENDORF, Trustee, Plaintiff,**

**v.**

**John Robert SHREWDER and Trudy Reitz Shrewder, husband and wife, First Interstate Bank of Santa Fe, Carnes Brothers Construction Company, Inc., Payne Nurseries and Green Houses, Inc., Pittman Brothers Woodwork and City of Santa Fe, Defendants.**

**Bankruptcy No. 7–89–02480 MS. Adv. No. 89–0272 M.**

United States Bankruptcy Court, D. New Mexico.

June 4, 1990.

Robert N. Hilgendorf, Santa Fe, N.M., pro se.

Stephen C.M. Long, Albuquerque, N.M., for debtors.

Julia B. Rose, Santa Fe, N.M., for Carnes Bros. Const. Co., Inc.

Kenneth Crump, Tulsa, Okl., Kathryn Levy, Albuquerque, N.M., for Architectural Metalcraft Inc.

## MEMORANDUM OPINION

MARK B. McFEELEY, Bankruptcy Judge.

At issue in this case is the disposition of some $79,000.00 in proceeds remaining from the sale of the debtors' residence. The trustee is before the Court seeking to have the Court approve a compromise by which Carnes Brothers Construction Company Inc. will receive $30,000.00, the debtor Trudy Shrewder will receive $12,500.00 and the estate will receive the balance of the funds held by the trustee. The original terms of the compromise for which the trustee sought approval were modified at trial with the consent of all parties to the compromise to give the estate an additional $17,500.00. Both the original compromise and the amended compromise were objected to by Architectural Metalcraft, Inc., joined by Wynn Construction Company.

Carnes Brothers claims a second mortgage position on the fund as the result of a mortgage given by the debtors to Carnes Brothers after it obtained a judgment of some $300,000.00 against the debtors. The debtors have each made a claim to the New Mexico homestead exemption.

The trustee testified that the settlement was in the best interest of the creditors of this estate. He stated that it would cost the estate approximately $5,000.00 to litigate the pending case and that if Carnes Brothers was successful there would be no money for the estate. Further, the trustee stated that even if Carnes Brothers was found not to hold a valid mortgage, if the debtors were successful in asserting their claim of homestead, the debtors would be entitled to $40,000.00.

In support of the compromise, Carnes Brothers put on the testimony of its accountant that the debtor John Shrewder had taken funds in the approximate amount of $300,000.00 from the joint venture he and Carnes Brothers had formed for purposes unrelated to the joint venture. Also put into evidence was the judgment obtained by Carnes Brothers. The testimony was that the mortgage was given in lieu of Carnes Brothers filing a judgment lien and taking action thereon. There was also testimony that the signature of Trudy Shrewder on the mortgage had been fraudulently obtained.

Given the facts as presented to the Court, it appears that the best the trustee would be able to accomplish if successful at trial would be to void the mortgage of Carnes Brothers and the homestead claim of the debtor John Shrewder. That would bring $22,500.00 more into the estate than under the terms of the compromise and according to the uncontroverted testimony would cost the estate some $5,000.00 in additional attorney fees.

Neither movant nor objectors cited any legal authority to the Court which would make it clear that the trustee would or would not prevail given the facts presented and it is clear that the matter would be thoroughly contested at trial.

In order to approve a proposed compromise, the Court should consider all relevant facts, including the complexity and uncertainty of the litigation, the time and expense involved in the trial and any appeal, and the benefit to be gained by the estate if the litigation is brought to a successful conclusion as opposed to the benefits gained by the compromise. *In re Holywell Corp.,* 93 B.R. 291 (Bankr.S.D.Fla.1988). In determining whether to approve the compromise, the Court is not required to determine the ultimate outcome of the underlying litigation. *Florida Trailer and*

*Equipment Company v. Deal,* 284 F.2d 567 (5th Cir.1960).

Given the above, the Court concludes that the compromise is fair and equitable and would be in the best interest of the creditors and the estate. The trustee will be authorized to settle Adversary Proceeding 89–0272 with the defendants Shrewder and Carnes Brothers Construction Company, Inc. in accordance with the terms of the amended stipulation.

This memorandum constitutes the Court's Findings of Fact and Conclusions of Law. Bankruptcy Rule 7052.

An appropriate order shall enter.